————o————

WILHELMINE REPPSTEIN, Plaintiff in Error, *vs.* ST. LOUIS MUTUAL INSURANCE COMPANY, Defendant in Error.

1. *Guardians—Appointment, order of—Recital of names of minors.*—In the order of the Probate Court appointing A. the guardian of the minor children of B., it is not necessary to set out the names of the children. Such recital serves only as a means of identification.

### Error to Gasconade Circuit Court.

*Lay* and *Belch*, for Plaintiff in Error.

*Cline, Jameson & Day*, for Defendant in Error.

EWING, Judge, delivered the opinion of the court.

This is an action on the life policy of Gottlieb Reppstein, deceased, by the minor children of said Reppstein, by their guardian, the widow of said deceased.

On the trial, the plaintiffs offered to read in evidence the record of the Probate County of Gasconade County appointing Wilhelmine Reppstein guardian of the persons and 'curator of the estate of said minors, and also offered in evidence the bond of said Wilhelmina as such guardian.

The evidence was objected to by the defendant, and excluded by the court, on the ground that the record was not competent proof of the appointment of said Wilhelmine and that the bond was no part of the record.

31—VOL.. LI

Reppstein, v. St. Louis Mutual Life Insurance Co.

Plaintiff thereupon took a non-suit, a motion to set aside which being overruled, they excepted and bring the cause here by writ of error. The defect in the record, which it is claimed renders it inadmissible as evidence of the appointment, is the omission of the names of the minor children. They are referred to as the "minor heirs," of Gottlieb Reppstein, with the further recital in the order that her bond in a sum named with certain persons as sureties, giving their names, "is by the court examined and approved." The bond, which appears to have been approved the same day, sets forth the names of the minors, and refers in appropriate terms to the order of appointment, and the bond seems to have been duly recorded.

It is probable that such orders usually contain the names of the wards, but is this essential to the validity of the appointment?

The only purpose it answers, is the means of identification, and if this object can be attained, though not so readily perhaps, by a more general description, this particularity becomes unessential, and a reference to the minors by name may be dispensed with. The terms of the order are sufficiently definite for this purpose.

There can be no difficulty in identifying the "minor heirs," mentioned in the order as the minor children of the deceased for whom the guardian was appointed. Moreover, the bond of the guardian, the approval which is recited in the order making the appointment, sets out the names of all the minor children.

The evidence was improperly excluded.

The judgment of the Circuit Court is reversed and the cause remanded. The other Judges concur.